# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SHERMA JOHNSON,**

      **Plaintiff,**

v.                                                          Case No: 6:23-cv-142-PGB-EJK

**THE PRESERVES AT STONEBRIAR HOMEOWNER'S ASSOCIATION, INC., PRESERVES AT STONEBRIAR HOMEOWNERS ASSOCIATION, INC., PRESERVES AT STONEBRIAR HOMEOWNERS ASSOCIATION 1, LLC, PALM BAY 32909 TRUST, OLD COUNTRY ROAD HLD LLC, BREVARD 22 CRM TRUST, DR HORTON, INC., and UNKNOWN PARTIES IN POSSESSION,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion to Vacate Judgment, filed January 27, 2023 (Doc. 1), and the Motion to Proceed *In Forma Pauperis*, filed June 30, 2023 (Doc. 20) (the "Motions"). Pursuant to Federal Rule of Civil Procedure 60(b)(3), Plaintiff, through her Motion to Vacate Judgment, asks this Court to vacate a judgment entered against her in the Eighteenth Judicial Circuit on May 3, 2022. (*Id.*) Upon consideration, I respectfully recommend that the Motions be denied.

**I.    BACKGROUND**

On June 24, 2021, Defendant, The Preserves at Stonebriar Homeowner's Association, Inc., filed a Complaint for Lien Foreclosure and Monetary Damages (the "Circuit Court complaint") against Plaintiff in Florida's Circuit Court of the Eighteenth Judicial Circuit. (Doc. 1-3.) Plaintiff is the record title owner of the property at 774 Old Country Road, SE, Palm Bay, Florida, 32909. (*Id.* ¶ 4.) In the Circuit Court complaint, Defendant asserted that Plaintiff failed to "timely pay all assessments, together with interest, late fees and costs, including attorney's fees and costs of collection, levied against the Property." (*Id.* ¶ 6.) Ultimately, the state court entered a judgment entered against Plaintiff on May 3, 2022. (*See id.*)

Seven months later, Plaintiff filed the instant Motion in this Court. Therein, Plaintiff asserts that she did not receive adequate notice as required by the Federal Debt Collection Practices Act ("FDCPA") because the Notice of Intent to File a Claim of Lien, Notice of Late Assessment or Delinquent Assessment was served at the wrong property: *744* Old Country Road SE, Palm Bay, Florida, 32909. (*See id.*) (emphasis added). Accordingly, Plaintiff argues that the subsequent judgment from the Eighteenth Judicial Circuit is void, given that it "was procured through fraud upon the court, misrepresentation and misconduct by opposing part; no proper service of notices to the homeowner; deprivation of property without due process of law; newly discovered evidence that reasonable diligence could have been discovered in time; inexcusable mistake by the opposing party . . ." and other misconduct. (*Id.* at 1–2.)

## II. DISCUSSION

Upon review of Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. 20), the Court concludes that she is a pauper who would otherwise be entitled to proceed without paying the filing fee. However, the undersigned recommends that Plaintiff's Motion to Vacate Judgment be dismissed for lack of subject matter jurisdiction.

"[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). If subject matter jurisdiction is deficient, the Court cannot proceed and must state that it lacks jurisdiction and dismiss the case. *Stubbs v. Riverside Bank of the Gulf Cost*, No. 2:16-cv-762-FtM-99CM, 2017 WL 519099, at * 1 (M.D. Fla. 2017) (citing *Steel Co v. Citizens for a Better Env't*, 523 U.S. 83, 84 (1998)).

Because Plaintiff is proceeding *pro se*, the Court must construe the Motion liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (stating that the pleadings of a *pro se* litigant are held to less stringent standards than pleadings drafted by lawyers); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). However, even liberally construing the Motion, the Court lacks subject matter jurisdiction over this case. Plaintiff does not allege any federal claims in the Motion. (*See* Doc. 1.) Instead, the sole relief sought is for the Court to "set aside the Judgment that were entered against them [sic] and allow this case to be retried again on its merits, as the law favors." (Doc. 1-1 at 10.)

"The *Rooker-Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts, or as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). This doctrine applies in narrow circumstances of "cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

In the instant case, the Court finds that the *Rooker-Feldman* doctrine applies. Plaintiff's Motion to Vacate Judgment references the FDCPA, but Plaintiff has not filed a new cause of action in this Court pursuant to that statute. Instead, Plaintiff essentially seeks to appeal the state court judgment to this Court. The Eleventh Circuit has found that "a claim that at its heart challenges the state court decision itself – and not the statute or law which underlies that decision – falls within the doctrine because it 'complains of injuries caused by state-court judgments' and 'invites review and rejection of those judgments.'" *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) (quoting *May v. Morgan Cnty.*, 878 F.3d 1001, 1005 (11th Cir. 2017) "The injury must be caused by the judgment itself." *Id.* at 1212.

Consequently, this Court does not have the jurisdiction to act as an appellate court and vacate the state court proceedings and judgment. *Exxon Mobile Corp.*, 544

U.S. at 284. Therefore, the undersigned respectfully recommends that the Court find that it lacks subject matter jurisdiction over this case.

### III.   CONCLUSION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **DENY** Plaintiff's Motion to Vacate Judgment (Doc. 1);
2. **DENY** Plaintiff's Motion to Proceed *In Forma Pauperis*; and
3. **DIRECT** the Clerk of Court to close the case.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**DONE** and **ORDERED** in Orlando, Florida on July 11, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE