**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SHERMA JOHNSON,**

       **Plaintiff,**

**v.**                                  **Case No: 6:23-cv-142-PGB-EJK**

**THE PRESERVES AT**
**STONEBRIAR HOMEOWNER'S**
**ASSOCIATION, INC.,**
**PRESERVES AT STONEBRIAR**
**HOMEOWNERS ASSOCIATION,**
**INC., PRESERVES AT**
**STONEBRIAR HOMEOWNERS**
**ASSOCIATION 1, LLC, PALM**
**BAY 32909 TRUST, OLD**
**COUNTRY ROAD HLD LLC,**
**BREVARD 22 CRM TRUST, DR**
**HORTON, INC. and UNKNOWN**
**PARTIES IN POSSESSION,**

       **Defendants.**
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Vacate Judgment,

filed January 27, 2023 (Doc. 1), and the Motion to Proceed *In Forma Pauperis*,

filed June 30, 2023 (Doc. 20) (the "**Motions**"). Pursuant to Federal Rule of Civil

Procedure 60(b)(3), Plaintiff, through her Motion to Vacate Judgment, asks this

Court to vacate a judgment entered against her in the Eighteenth Judicial Circuit

on May 3, 2022. (*Id.*). The Honorable United States Magistrate Judge Embry J.

Kidd submitted a Report (Doc. 21 (the "**Report**")) recommending that the Court

dismiss the complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and that the Motions be accordingly denied. Plaintiff objected to the Report and therein requested leave to amend. (Doc. 22 (the "**Objection**")). Plaintiff's Objection notwithstanding, the Court agrees with the Report for the following reasons.

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512–13 (11th Cir. 1990). However, when the parties object to the findings and recommendations, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

The genesis of this suit started on June 24, 2021 when Defendant, The Preserves at Stonebriar Homeowner's Association, Inc., filed a Complaint for Lien Foreclosure and Monetary Damages (the "**Circuit Court Complaint**") against Plaintiff in Florida's Circuit Court of the Eighteenth Judicial Circuit. (Doc. 1-3). Plaintiff is the record title owner of the property at 774 Old Country Road, SE, Palm Bay, Florida, 32909. (*Id*. ¶ 4). In the Circuit Court Complaint, Defendant asserted

that Plaintiff failed to "timely pay all assessments, together with interest, late fees and costs, including attorney's fees and costs of collection, levied against the Property." (*Id.* ¶ 6). Ultimately, the state court entered a judgment against Plaintiff on May 3, 2022. (*See id.*).

Seven months later, Plaintiff filed the Motion to Vacate Judgment in this Court. (Doc. 1). Therein, Plaintiff asserts that she did not receive adequate notice as required by the Federal Debt Collection Practices Act ("**FDCPA**") because the Notice of Intent to File a Claim of Lien, Notice of Late Assessment or Delinquent Assessment was served at the wrong property: 744 Old Country Road SE, Palm Bay, Florida, 32909. (*See id.*). Accordingly, Plaintiff argues that the subsequent judgment from the Eighteenth Judicial Circuit is void, given that it allegedly "was procured through fraud upon the court, misrepresentation and misconduct by opposing part; no proper service of notices to the homeowner; deprivation of property without due process of law; newly discovered evidence that reasonable diligence could have been discovered in time; inexcusable mistake by the opposing party . . ." and other misconduct. (*Id.* at pp. 1–2). In addition, Plaintiff requests to proceed *In Forma Pauperis*. (Doc. 20).

Magistrate Judge Kidd correctly notes that a preliminary issue before the Court can consider the merits of the underlying claims is ensuring it has subject matter jurisdiction over the case. (Doc. 21, p. 3). "[A] court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." *Taylor v. Appleton*, 30 F.3d 1365, 1366 (11th Cir. 1994). If subject matter

3

jurisdiction is deficient, the Court cannot proceed and must state that it lacks

jurisdiction and dismiss the case. *Stubbs v. Riverside Bank of the Gulf Cost*, No.

2:16-cv-762, 2017 WL 519099, at * 1 (M.D. Fla. 2017) (citing *Steel Co v. Citizens

for a Better Env't*, 523 U.S. 83, 84 (1998)). Because Plaintiff is proceeding *pro se*,

the Court must construe the Motions liberally. *See Haines v. Kerner*, 404 U.S. 519,

520–21 (1972) (stating that the pleadings of a *pro se* litigant are held to less

stringent standards than pleadings drafted by lawyers); *Tannenbaum v. United

States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less

stringent standard than pleadings drafted by attorneys and will, therefore, be

liberally construed."). Nevertheless, even when liberally construed, the Court

cannot exercise jurisdiction over Plaintiff's claim because the relief Plaintiff seeks

is to "set aside the Judgment that were entered against them [sic] and allow this

case to be retried again on its merits, as the law favors." (Doc. 1-1, p. 10).

This request to set aside the judgment rendered in Florida state courts is

problematic because of our federal system. "The *Rooker-Feldman* doctrine makes

clear that federal district courts cannot review" and exercise jurisdiction over "state

court final judgments because that task is reserved for state appellate courts, or as

a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258,

1260 (11th Cir. 2009). This doctrine applies in narrow circumstances of "cases

brought by state-court losers complaining of injuries caused by state court

judgments rendered before the district court proceedings commenced and inviting

district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S.

4

459, 464 (2006) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

The *Rooker-Feldman* doctrine clearly applies here with respect to Plaintiff's claims alleged in the Motion to Vacate Judgment. Although she references the FDCPA, Plaintiff does not file a new cause of action pursuant to that statute but instead is simply seeking to appeal the state court judgment. (Doc. 1). In other words, Plaintiff's claim "challenges the state court decision itself – and not" the FDCPA "which underlies that decision" and as such Plaintiff "'complains of injuries caused by state-court judgments' and 'invites review and rejection of those judgments.'" *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) (quoting *May v. Morgan Cnty.*, 878 F.3d 1001, 1005 (11th Cir. 2017). Consequently, the Court cannot exercise jurisdiction over Plaintiff's claims and the Motion to Vacate. *Exxon Mobile Corp.*, 544 U.S. at 284. Likewise, the Motion to Proceed *In Forma Pauperis* must be denied. (Doc. 20).

Plaintiff's Objection does not change this calculus. (Doc. 22). Therein, Plaintiff requests the Court permit Plaintiff to amend its pleadings and argues the *Rooker-Feldman* doctrine does not preclude such amendments under Rule 15. (*Id.* at p. 3). Plaintiff then reviews caselaw setting forth the standards for permitting such amendments under Rule 15. (*Id.* at pp. 3–7). Importantly, however, Plaintiff states that "the substance of Plaintiffs' [sic] claims is the same as the [Original] Complaint." (*Id.* at pp. 6–7). As such, while amendments might otherwise be allowed, the Court declines to allow repleader here as doing so would be futile—if

the substance of the claims is the same such that they challenge the state court's judgment, the Court cannot exercise jurisdiction over these claims. While this may seem harsh, Plaintiff is not without an avenue to pursue the relief she seeks; she may instead appeal the relevant state court judgment to the proper Florida state appellate court.

Therefore, it is **ORDERED AND ADJUDGED** as follows:

1.  The Report and Recommendation filed July 11, 2023 (Doc. 21) is **ADOPTED** and **CONFIRMED** and made a part of this Order;

2.  The Motion to Vacate Judgment (Doc. 1) is **DENIED**;

3.  The Motion to Proceed *In Forma Pauperis* (Doc. 20) is **DENIED**;

4.  Plaintiff's Objection (Doc. 22) is **OVERRULED**;

5.  To the extent that Plaintiff brings claims before this Court, those claims against all Defendants (Doc. 1) are **DISMISSED WITHOUT PREJUDICE**;[1]

6.  The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on August 1, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

---

[1]  A dismissal for lack of subject matter jurisdiction must be entered without prejudice because it is not a judgment on the merits. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). The Court, however, will not provide leave for Plaintiff to replead as it cannot exercise jurisdiction over any such claims.

Copies furnished to:

Counsel of Record
Unrepresented Parties